UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

GERALD R. MOORE,

    Plaintiff,

v.

AMERIFINANCIAL SOLUTIONS, LLC, and
IMPERIAL POINT MEDICAL CENTER,

    Defendants.
_____/

# COMPLAINT
# JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, AMERIFINANCIAL SOLUTIONS, LLC, placed telephone calls into this District.

## PARTIES

3. Plaintiff, GERALD R. MOORE, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, AMERIFINANCIAL SOLUTIONS, LLC ("AMERIFINANCIAL"), is a limited liability company. All of its members are citizens of the State of Maryland with its principal place of business at 430 Main Street, Reisterstown, Maryland 21136.

5. Defendant, IMPERIAL POINT MEDICAL CENTER ("IMPERIAL POINT"), is a business entity whose principal place of business is 303 Southeast 17 Street, Fort Lauderdale, Florida 33316.

6. Defendant, AMERIFINANCIAL, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant, AMERIFINANCIAL, regularly collects or attempts to collect debts for other parties.

8. Defendant, AMERIFINANCIAL, is a "debt collector" as defined in the FDCPA.

9. Defendant, AMERIFINANCIAL, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10. Because IMPERIAL POINT is the current creditor on whose behalf AMERIFINANCIAL placed the calls, it is vicariously liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for

any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

11. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

12. AMERIFINANCIAL represented to Plaintiff that the alleged debt is due to Imperial Point Medical Center.

13. Defendant, AMERIFINANCIAL, left the following message on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

> October 5, 2010 at 9:15 AM – Pre-Recorded Message
> This is AFS. This message is intended solely for Gerald Moore. If this is a wrong number, please call 1-800-753-7106 to advise our representative to remove your number.  If this is a valid number and you are not Gerald Moore, please do not listen to this message.  There will be a 5 second pause for you to hang up.  By continuing to listen to this message you acknowledge that you are Gerald Moore.  You should not listen to this message so that other people can hear it as it contains personal and private information.  There will be a 3 second pause in this message so that you can listen to the message in private.  Gerald Moore, this is Ameri Financial Solutions.

> October 11, 2010 at 9:39 AM – Pre-Recorded Message
> This is AFS. This message is intended solely for Gerald Moore. If this is a wrong number, please call 1-800-753-7106 to advise our representative to remove your number.  If this is a valid number and you are not Gerald

3

Moore, please do not listen to this message.  There will be a 5 second pause for you to hang up.  By continuing to listen to this message you acknowledge that you are Gerald Moore.  You should not listen to this message so that other people can hear it as it contains personal and private information.  There will be a 3 second pause in this message so that you can listen to the message in private.  Gerald Moore, this is Ameri Financial Solu.

<u>October 17, 2010 at 9:37 AM – Pre-Recorded Message</u>
This is AFS. This message is intended solely for Gerald Moore. If this is a wrong number, please call 1-800-753-7106 to advise our representative to remove your number.  If this is a valid number and you are not Gerald Moore, please do not listen to this message.  There will be a 5 second pause for you to hang up.  By continuing to listen to this message you acknowledge that you are Gerald Moore.  You should not listen to this message so that other people can hear it as it contains personal and private information.  There will be a 3 second pause in this message so that you can listen to the message in private.  Gerald Moore, this is Ameri Financial Solu.

14. Defendant, AMERIFINANCIAL, left similar or identical messages on other occasions. (Collectively, "the telephone messages").

15. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

16. Defendant, AMERIFINANCIAL, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

17. Defendant, AMERIFINANCIAL, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

18. None of Defendant, AMERIFINANCIAL's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

19. Defendant, AMERIFINANCIAL, willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

20. Plaintiff incorporates Paragraphs 1 through 19.

21. Defendant, AMERIFINANCIAL, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, AMERIFINANCIAL SOLUTIONS, LLC, for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

22. Plaintiff incorporates Paragraphs 1 through 19.

23. Defendant, AMERIFINANCIAL, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Valencia v The Affiliated Group, Inc</u>., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.,</u> 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, AMERIFINANCIAL SOLUTIONS, LLC, for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates Paragraphs 1 through 19.

25. Defendant, AMERIFINANCIAL, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, AMERIFINANCIAL SOLUTIONS, LLC and IMPERIAL POINT MEDICAL CENTER, for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        donyarbrough@mindspring.com

By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658